IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:10-cr-00054-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SHIRLENE REESE BOONE | ) | |

This cause is before the court for consideration of two identical motions for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), see Mot. [D.E. 102, 103], and the Government's response in opposition [D.E. 106]. For the reasons discussed below, the motions will be denied.

### Background:

On January 3, 2011, Shirlene Reese Boone ("Boone") pleaded guilty to conspiracy to commit health care fraud and mail fraud, in violation of 18 U.S.C. § 371 (Count One); aggravated identity theft and aiding and abetting, in violation of 18 U.S.C. § 1028A(a)(1) and 18 U.S.C. § 2 (Count Two); and failure to collect and pay over payroll taxes and aiding and abetting, in violation of 26 U.S.C. § 7202 and 18 U.S.C. § 2 (Count Three). See [D.E. 29, 30]. On April 26, 2011, the court sentenced Boone to, among other things, a total term of 144 months' incarceration. See J. [D.E. 49].

### Arguments:

Boone contends that the range for her sentence under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") was lowered by the retroactive Amendment 791 that went into effect on November 1, 2015. See [D.E. 102, 103] at 1. Boone further asserts she is entitled to an adjustment of her term of imprisonment because, under tax table section 2T4.1, her offense level has been reduced from 22 to 20. See id. at 2.

The Government argues Boone is not entitled to relief because: 1) her guideline range was determined pursuant to losses under U.S.S.G. § 2B1.1, not the tax table in section 2T4.1; and 2) Amendment 791 is not is not one of the amendments referenced in U.S.S.G. §1B1.10(d) that provides an avenue for lowering a sentence under 18 U.S.C. § 3582(c). See Resp. Opp'n [D.E. 106] at 1–2.

Discussion:

A court may modify or reduce a term of imprisonment if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2). However, a defendant is not entitled to the benefit of a subsequent substantive Guidelines amendment unless the Sentencing Commission designated the amendment for retroactive application. See Dillon v. United States, 560 U.S. 817, 824–25 (2010); United States v. Goines, 357 F.3d 469, 474 (4th Cir. 2004).

Here, Boone's combined adjusted offense level for guideline sentencing relied upon the loss tabulated under U.S.S.G. § 2B1.1 with various adjustments (Count One) rather than on the loss tabulated under the tax table in section 2T4.1 (Count Three). See Revised Pre-sentence Report (sealed) [D.E. 86] at ¶¶ 49–71. Further, although Amendment 791 amended U.S.S.G. § 2B1.1, this amendment was not designated for retroactive application. See U.S.S.G. § 1B1.10(d). Accordingly, Boone is not entitled to a modification of her sentence pursuant to Amendment 791.

Conclusion:

For the reasons discussed above, the court DENIES the motions [D.E. 102, 103].

SO ORDERED. This __8__ day of November 2018.

TERRENCE W. BOYLE
Chief United States District Judge